**UNITED STATES of America,**
**Plaintiff,**

*v.*

**TRI–STATE METAL PRODUCTS, Inc.,**
**Defendant.**

**Civ. A. No. 10901.**

United States District Court
W. D. Pennsylvania.

May 28, 1957.

existence, Johnson and Simpson, who subsequently became directors of said corporation, made a firm bid to the Quarter Master Corps which the government accepted.

Two questions are presented for the determination of the court:

1. Were the actions of Simpson and/or Johnson binding on the corporation after it came into existence on July 22, 1948, upon the legal theory that Simpson and/or Johnson engaged in activities which would bind the corporation after it came into legal existence? If this answer is in the negative, judgment should be entered for the defend-· ant. If it is in the affirmative, the second question must be resolved, that is—

■ 2. Was there a meeting of the minds when the Defendant Corporation submitted the offer to the government and the government accepted the offer by its telegram of acceptance?

At the time this proceeding was called for trial, the court's attention, for the first time, was called to the government's filing of an amended complaint to include Simpson and Johnson, as additional party defendants. In view of the government's failure to comply with Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C. in not securing consent of the adverse party and leave of court to file the same, and by reason of the failure of the complaint to assert any allegation whatsoever which would support a right to recover either against Simpson or Johnson, said amendment was stricken without prejudice to the government to file a subsequent action. My determination in the instant proceeding in no way affects my prior ruling in this connection one way or another.

During the course of testimony, consideration was given to the empanelling of an advisory jury in resolving the factual dispute as to whether a meeting of the minds had been effectuated between the parties to create a legally valid contract. Upon review of the record and exhibits, however, I am convinced

D. Malcolm Anderson, Jr., U. S. Atty., Leonard J. Paletta, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

James P. McArdle and Dennis Harrington, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

The United States of America claims damages against Tri-State Metal Products, Inc., for an alleged breach of contract for the sale of metal shelving units. The case was tried without jury.

■ It does not appear that the corporation, after it came into existence on July 22, 1948, executed or signed the contract allegedly concluded with the Quarter Master Division of the government. However, prior to its corporate

that the weight of the credible evidence so clearly preponderates in favor of the conclusions herein enunciated that the empanelling of an advisory jury is unnecessary and would prove redundant.

Upon a most detailed review of the record, I am satisfied that even though defendant did not come into formal legal being as a de jure corporation until July 22, 1948, nevertheless Johnson and Simpson prior to such date were negotiating as responsible agents with the government at a time when said corporation enjoyed de facto status. Since a de facto corporation cannot be inquired into collaterally, it is a necessary corollary that defendant would be bound by any contractural obligations brought about by its responsible agent. Cochran v. Arnold, 58 Pa. 399.

The facts, however, do not lend themselves to the conclusion that there was a meeting of the minds when Defendant Corporation submitted the offer to the government by its agent, Johnson, and the government's telegram of alleged acceptance.

We are confronted with negotiations conducted between defendant and the government which never resulted in the effectuation of a formal contract. An evaluation of the exhibits discloses a bid or offer on the part of defendant which did not conform to government specifications.

The evidence, in fact, discloses that defendant, through its agent, Johnson, never saw the specifications when it agreed to supply metal shelving to government specifications. The illusory nature of the relationship existing is cogently demonstrated by the fact that subsequent to its bid or offer, and the government's acceptance of the same on June 26, 1948, defendant on July 1, 1948 submitted written request for the government's desired specifications. It would appear a patent anomaly to hold a binding contract to exist when the offeror was not even acquainted with the requirements and terms of the contract.

I must, therefore, conclude that even though Defendant Corporation was bound by the negotiations of its responsible agents at the time of its de facto existence, a meeting of the minds between said agents and the government had never been brought about and that a legally valid contract was not perfected.

The court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. The plaintiff is the United States of America.

2. The defendant is Tri-State Metal Products, Inc., Pittsburgh, Pennsylvania.

3. Manufacturers Sales Agency is a business association between Lauren Johnson and David L. Simpson.

4. Capitol Office Supply Company is a business association located in Washington, D. C. Capitol Office Supply Company was used as a mailing address for the transactions which are the subject of this suit.

5. David L. Simpson is an individual engaged in several selling agencies, one of which was the Manufacturers Sales Agency. David L. Simpson knew that Tri-State Metal Products, Inc. was to be formed.

6. Lauren Johnson is an individual and was, in June of 1948, a business associate of David L. Simpson.

7. George Meyers was President and David L. Simpson was a director of Tri-State Manufacturing & Supply Co. These two men were also, respectively, President and director of the defendant corporation.

8. Tri-State Metal Products, Inc., the defendant, was a wholly owned corporation, belonging to Tri-State Manufacturing & Supply Co.

9. J. A. Smart, C. A. Collins and C. R. Christiansen were associated with Capitol Office Supply in Washington, D. C., and were the first to receive the invitation to bid from the government quartermaster corps.

458

10. Major Lee, Major Whitney and Mr. Schlanger were all responsible contracting officers of the United States government, quartermaster corps and were located in Chicago, Illinois. All of these men were visted and interviewed by George A. Myers and Lauren Johnson in August of 1948.

11. Notice of the invitation to bid first came to David L. Simpson by telephone message from his New York offices forty-eight hours before the invitation to bid was to be closed. David L. Simpson then instructed Lauren Johnson to proceed to Washington to the Capitol Office Supply Company and examine the invitations to bid.

12. On June 15, 1948, the plaintiff, through the quartermaster purchasing office, published an invitation to bid No. QM 11–183–48–929, which invitation to bid concerned itself with certain shelving.

13. Lauren Johnson, at the instance of David L. Simpson, called at the offices of Capitol Office Supply where he discussed the government invitation to bid. A description of the shelving to be bid on was given by Smart, Collins and Christiansen to Lauren Johnson, who made sketches, which were submitted to the partners of Capitol Office Supply and approved by them. Lauren Johnson was never shown any government specifications, but rather submitted the bid over the signature of Tri-State Metal Products, Inc., which bid was based on a description given by Smart, Collins and Christiansen, and the drawings submitted to and approved by them.

14. Lauren Johnson acted in the interest of Tri-State Metal Products, Inc., at the time that said corporation enjoyed de facto existence.

15. The government, by telegram dated June 28, 1948, awarded to the defendant, in care of Capitol Office Supply, Washington, D. C., divers items of the invitation to bid and requested an acknowledgment of the award.

16. David L. Simpson, on the stationery of the defendant corporation, on July 1, 1948, accepted the award of the government with the following qualifications:

(a) Requesting certain paint specimens.

(b) Requesting specifications, which until this date had not been submitted.

17. Defendant, Tri-State Metal Products, Inc., was created de jure July 22, 1948, by the award of the Charter from the Commonwealth of Pennsylvania.

18. The government purchased the disputed shelving units from Supreme Steel Products, Inc., for $11,280.33 more than the price contemplated under the intended contract with defendant.

Conclusions of Law.

1. The defendant, Tri-State Metal Products, Inc., although not issued a corporate charter until July 22, 1948, was actually doing business as a de facto corporation on June 28, 1948.

2. David L. Simpson and Lauren C. Johnson were acting as agents of Tri-State Metal Products, Inc., on June 25, 1948, when the Army form of bid was submitted by Johnson, and on July 1, 1948, when the letter of confirmation and acceptance was sent by David L. Simpson to the Quartermaster Corps.

3. A legally valid contract had never come into existence between the United States of America and Tri-State Metal Products, Inc., for the reason that the parties had never attained a meeting of the minds.

4. Judgment will be entered in favor of Tri-State Metal Products, Inc.

An appropriate Order is entered.